■ PURCHASE PARTNERS II, LLC, et al., Appellants, v ANTHONY E. WESTREICH, Respondent. (And a Third-Party Action.) [856 NYS2d 572]—Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 8, 2007, which, insofar as appealed from, granted defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment, unanimously modified, on the law, to declare that plaintiffs are not entitled to enforce the August 11, 2004 letter agreement, and otherwise affirmed, without costs.

Even if, arguendo, plaintiffs were third-party beneficiaries of the August 11, 2004 letter agreement between defendant and third-party defendant Hochfelder, the merger clause in their November 12, 2004 separation agreement effectively barred their claims under the earlier agreement (*see Jarecki v Shung Moo Louie*, 95 NY2d 665, 669 [2001]). Plaintiffs were aware of the terms of the separation agreement, which did not contain the claimed benefits but did contain such merger clause, and they did not object (*see Barnum v Millbrook Care Ltd. Partnership*, 850 F Supp 1227, 1236 [1994], *affd* 43 F3d 1458 [1994]). We modify solely to declare in defendant's favor (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]). Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ. [*See* 14 Misc 3d 1228(A), 2007 NY Slip Op 50201(U).]